LEBBEUS H. ROGERS

*v.*

T. H. TRAVER, Assignee.

*Filed at Ottawa November 14, 1885.*

APPEAL—*judgment of Appellate Court—whether final.* Where the Appellate Court reverses a judgment or order of the circuit court, and remands the cause "for such other proceedings as to law and justice shall appertain," the judgment of the Appellate Court not being final can not be reviewed by this court on appeal or writ of error.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding.

Mr. CHARLES F. WHITE, and Mr. M. L. WHEELER, for the plaintiff in error.

Mr. H. H. C. MILLER, for the defendant in error.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

On the 30th day of July, 1884, Lebbeus H. Rogers filed his petition in the county court of Cook county, in which he claimed he was the owner of certain personal property in the

hands of T. H. Traver, under and by virtue of an assignment made to him by Cushing, Cummings & Co., and asked the court to order such assignee to turn the property over to petitioner. On the hearing in the county court the property in controversy was adjudged to belong to petitioner, and the assignee was by the court directed to deliver it to him. From that decision the assignee prayed for and was allowed an appeal to the circuit court, which he afterwards perfected by filing the usual appeal bond. On motion of the petitioner the appeal was dismissed out of the circuit court for want of jurisdiction in that court to entertain such appeal. The assignee excepted in due form to this decision of the circuit court, and on his further appeal the cause was heard in the Appellate Court for the First District, where the judgment of the circuit court was reversed, and was remanded to that court for "such other proceedings as to law and justice shall appertain." Since then petitioner has brought the case to this court on error.

It is obvious this is not a final judgment in the sense those terms are used in the statute, so that the unsuccessful party could bring the case to this court on appeal or writ of error. It is simply a judgment of reversal, and the cause is remanded to the circuit court for "such other proceedings as to law and justice shall appertain." This question has been so often discussed in this court it need not now be elaborated. *Anderson* v. *Fruitt*, 108 Ill. 388.

The writ of error will be dismissed, which is done.

*Writ of error dismissed.*